ANTHONY GOLDSMITH, Esq (SBN 125621)
STEVEN L. DERBY, Esq (SBN 148372)
CELIA MCGUINNESS, Esq (SBN 159420)
DERBY, McGUINNESS & GOLDSMITH, LLP
21550 Oxnard Street, Suite 300
Woodland Hills, CA 91367
Telephone: (818) 213-2762
Facsimile: (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiff
John Whitbread

ESTEFAN M ENCARNACION, Esq (SBN 296764)
FIDELIS LAW APC
10601 Civic Center Dr., Ste 150
Rancho Cucamonga, CA 91730
T: 909-581-4351
F: 909-581-4352
estefan@fidelislawapc.com

Attorney for Defendant,
Gadi's Restaurant and Bar, Inc. and Gdalyahu Okevi

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WHITBREAD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GADI'S BAR & GRILL, a business form unknown, GADI'S RESTAURANT AND BAR, a California corporation; GDALYAHU OKEVI, an individual and DOES 1 through 11 and 12-20, Inclusive<br><br>　　　　Defendants. | CASE NO.: 5:19-cv-00236-JGB-SHKx<br><br><u>Civil Rights</u><br><br>**CONSENT DECREE FOR INJUNCTIVE RELIEF AND [PROPOSED] ORDER** |

Plaintiff JOHN WHITBREAD filed a Complaint in this action on February 5, 2019, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain injunctive relief and the recovery of damages for alleged discriminatory experiences, denial of access, and denial of civil rights against Defendants relating to disability discrimination at Defendants' public accommodations as of October 24, 2018 and continuing. Plaintiff filed a First Amended Complaint on July 3, 2019 to include an additional Defendant Ghalyahu Okevi, who waived service through counsel on July 24, 2019.

Plaintiff has alleged that Defendants violated Titles III of the ADA and sections 51, 54 and 54.1 of the *California Civil Code* by creating and/or failing to remove physical barriers to disability access at the Gadi's Bar & Grill restaurant and related facilities and real property located at 56193 Twentynine Palms Highway, Yucca Valley, California (the restaurant and associated realty including all parking areas serving the restaurant shall hereinafter be referred to as "the Facility" or "the Restaurant"). Without agreeing to any of Plaintiff's allegations as set forth above or in the operative complaint in this matter except as admitted in Defendant Gadi's Restaurant and Bar, Inc.'s answer or as set forth herein, Plaintiff and Defendants Gadi's Restaurant and Bar, Inc and Gdalyahu Okevi, (together, "the Parties") agree that it is in the Parties' best interests, and Plaintiff believes it is in the public interest, to fully and finally resolve injunctive and equitable relief in this matter on mutually agreeable term. The Parties have not resolved the amount of monetary relief and do not seek dismissal of the action.

Therefore, Plaintiff and Defendants hereby agree and stipulate to the following Consent Decree for Injunctive Relief, which the Court will retain jurisdiction to enforce for forty-eight (48) months after the date it is signed.

WHEREFORE, the Parties to this Consent Decree for Injunctive Relief hereby agree and stipulate to the Court's entry of this Consent Decree for Injunctive Relief and Order, which provide as follows:

**JURISDICTION AND VENUE:**

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1345, and 42 U.S.C. §12188(b). Venue is appropriate in this District pursuant to 28 U.S.C. §1391.

2. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive and equitable relief but does not serve to resolve Plaintiff's claims for statutory damages, attorneys' fees litigation expenses and costs ("Monetary Relief"). It is agreed that the Parties will seek to resolve issues connected with Monetary Relief through negotiation, mediation or further litigation.

**INJUNCTIVE RELIEF:**

3. Standards: Unless an earlier date is set forth below, Defendants shall remediate each and every barrier identified in the Partial Disabled Access Report of ARCOR Inc., dated July 23, 2019 (the "ARCOR Report") on or before July 1, 2020. A copy of the ARCOR Report is attached hereto as Exhibit "A" and by this reference incorporated herein and made a part hereof. Provided, however that the Defendants shall only be required to create one men's restroom that is complaint with the below described Current Access Standards. All work shall conform to the 2010 Americans with Disabilities Act Accessibility Standards applicable to new construction as set forth in 28 C.F.R. Part 36 ("ADAS") and the currently enforceable provisions of Chapter 11B of the California Building

Code (the "CBC") (collectively, "Current Access Standards").

4. Timelines. All barriers at the Facility and deviations from Current Access Standards identified in Exhibit "A" shall be eliminated on before July 1, 2020 unless an earlier date is set forth below:

   a. All barriers and deviations from the Current Access Standards with respect to parking spaces, passenger access aisles and related features (including surface conditions, signs and surface identification), as set forth in the ARCOR Report, shall be remediated no later than March 1, 2020 so that the parking at the Facility and all related parking areas will meet the Current Access Standards.

   b. All barriers and deviations from the Current Access Standards with respect to the path of travel into the front entry of the Facility (including but not limited to any barriers or deviations from Current Access Standards with respect to the front door ramps and landings) identified in the ARCOR Report shall be remediated no later than March 1, 2020 so that a person with a disability shall be able to travel on an accessible route from all the accessible parking spaces to the front entry and enter the Facility and that the route, door and entry shall all meet Current Standards.

   c. At least one men's restroom meeting the Current Access Standards shall be completed on or before April 1, 2020 and all other men's restrooms shall demonstrate signs including the international symbol of accessibility and a description of the location of the accessible men's restroom.

   d. On or before March 1, 2020, the Facility shall demonstrate at least one table that meets the Current Access Standards in each room or

space inside and outside the Facility.

  e. On or before May 1, 2020 the entrances to and exits from all outside patios (whether or not covered) shall be remediated or altered to meet Current Access Standards.

 5. Post Remediation Report.  On or before August 1, 2020, Defendants shall produce to Plaintiff's counsel a report (the "Remediation Report") from a California Certified Access Specialist ("CASp") that certifies that: (i) all the deviations from Current Access Standards set forth in the ARCOR Report have been remediated and eliminated;  (ii) that all of the subject features and elements identified in the ARCOR Report meet Current Access Standards; and (iii) that the work undertaken to remediate all the barriers and deviations from Current Access Standards did not create any new barriers or deviations from Current Access Standards.

**NO DISMISSAL OR SETTLEMENT OF DAMAGES, ATTORNEY FEES LITIGATION EXPENSES AND COSTS:**

 6. The Parties are only settling matters connected with injunctive and equitable relief and they are not yet settling Plaintiff's damages, attorneys' fees, litigation expenses and costs. The Parties agree that by and through this Consent Decree for Injunctive Relief, Plaintiff is deemed to be the "prevailing party" in the action under both Title III of the ADA and California law and shall be entitled to receive statutory damages for at least two (2) incidents for violation of Section 51 of the California Civil Code (one instance of an encounter and one incident of deterrence, as those terms are defined in sections 52 and 55.6 of the Civil Code), as well as reasonable attorneys' fees, litigation expenses and costs pursuant to the ADA and sections 52 and 54.3 of the Civil Code. However, Defendants do not agree as to the amount of attorneys' fees, litigation expenses and costs in this matter or that Plaintiff is entitled to statutory damages for more

than two (2) occasions of encounter or deterrence by a barrier or barriers.

**ENTIRE CONSENT DECREE AND ORDER:**

7.  This Consent Decree for Injunctive Relief and Order constitutes the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree for Injunctive Relief and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**MUTUAL RELEASE AND WAIVER WITH RESPECT TO INJUNCTIVE RELIEF:**

9.  Except for all obligations required in this Consent Decree for Injunctive Relief and Order and the outstanding issues of Monetary Relief for damages, litigation expenses and costs as set forth above each of the Parties to this Consent Decree for Injunctive Relief and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected to obtaining *injunctive and equitable relief* based on the current condition of the Facility. This release does not extend to any real property or facility other than the Facility and shall not be deemed to apply to any modifications, alterations, structural repairs, additions or new construction subsequent to the remediation efforts required by Sections 3, 4 and 5 above.

10. If any provision of this Consent Decree for Injunctive Relief is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable for any reason, in whole or in part, the remaining portions of this Consent Decree for Injunctive Relief will nevertheless continue with full force and effect, and the Parties agree a court of competent jurisdiction will have jurisdiction to reform such provision(s) to the extent necessary to cause it to give maximum legal effect to the intention of the Parties as expressed herein and the Parties agree to be bound by such reformation.

11. The Parties acknowledge that their respective attorneys have reviewed and drafted this Consent Decree for Injunctive Relief, and the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this Consent Decree for Injunctive Relief.

12. This Consent Decree for Injunctive Relief may be executed in counterparts, including electronic signatures and electronic copies such as PDFs, which, when counterparts have been executed by all of the Parties, shall constitute this Consent Decree for Injunctive Relief.

13. The individuals signing this Consent Decree for Injunctive Relief represent that they are authorized to bind their respective Party to this Consent Decree for Injunctive Relief.

SIGNATURES ON NEXT PAGE

Dated: 11.23, 2019            PLAINTIFF JOHN WHITBREAD

                              _____


Dated: _____, 2019       DEFENDANT GADI'S RESTAURANT
                              AND BAR, INC.

                              By:_____
                              Print name:_____
                              Title:_____


Dated: _____, 2019       DEFENDANT GDALYAHU OKEVI


                              _____


## [PROPOSED] ORDER

Pursuant to the stipulation of the parties, and for good cause shown, IT IS SO ORDERED.


DATED: _____

                              _____
                              Honorable Jesus G. Bernal
                              U.S. District Court Judge

Dated: _____, 2019          PLAINTIFF JOHN WHITBREAD

                                 _____


Dated: _____, 2019          DEFENDANT GADI'S RESTAURANT
                                 AND BAR, INC.

                                 By: _[signature]_____
                                 Print name: Gdalyahu Okevi
                                 Title: President


Dated: November 21, 2019         DEFENDANT GDALYAHU OKEVI

                                 _Gad.B_____


### [PROPOSED] ORDER

Pursuant to the stipulation of the parties, and for good cause shown, IT IS SO ORDERED.

DATED: _____                _____
                                 Honorable Jesus G. Bernal
                                 U.S. District Court Judge

| | | |
|---|---|---|
| Dated: _____, 2019 | | PLAINTIFF JOHN WHITBREAD |

_____

Dated: _____, 2019     DEFENDANT GADI'S RESTAURANT
                                  AND BAR, INC.

By:_____
Print name:_____
Title: _____

Dated: _____, 2019     DEFENDANT GDALYAHU OKEVI

_____

## [~~PROPOSED~~] ORDER

Pursuant to the stipulation of the parties, and for good cause shown, IT IS SO ORDERED.

DATED: December 18, 2019

Honorable Jesus G. Bernal
U.S. District Court Judge

APPROVED AS TO FORM


Dated: 11/27/2019                    DERBY, McGUINNESS & GOLDSMITH, LLP


                                     By: /s/ Anthony Goldsmith
                                     ANTHONY GOLDSMITH, ESQ
                                     Attorneys for Plaintiff JOHN WHITBREAD


APPROVED AS TO FORM


Dated: 11/27/2019                    FIDELIS LAW APC


                                     By: /s/ Estefan M Encarnacion
                                     ESTEFAN M ENCARNACION, Esq
                                     Attorneys for Defendant, GADI'S RESTAURANT
                                     AND BAR, INC and Gdalyahu Okevi


## FILER'S ATTESTATION

Pursuant to Local Rule 5-4, I hereby attest that I, Anthony Goldsmith, attorney with Derby McGuinness & Goldsmith, LLP, received the concurrence of Estefan M. Encarnacion in the filing of this document.

                                     DERBY, McGUINNESS & GOLDSMITH, LLP


                                        /s/ Anthony Goldsmith
                                     By: ANTHONY GOLDSMITH, ESQ.
                                     Attorney for Plaintiff
                                     John Whitbread